WILLIAM J. MEEHAN, APPPELLANT, v. COUNTY EMPLOY-
EES' PENSION COMMISSION OF THE COUNTY OF ES-
SEX, RESPONDENT.

Submitted May 31, 1946—Decided September 12, 1946.

For the appellant, *Foley & Francis (John J. Francis).*

For the respondent, *Arthur T. Vanderbilt* and *G. Dixon Speakman.*

The opinion of the court was delivered by

BODINE, J. The appellant, William J. Meehan, was em-
ployed as a guard at the Essex County Penitentiary. In
the course of his duties, he sustained an injury which subse-
quently required the removal of his left eye. He did not
return to his work, nor has he performed any duties as
directed by his superior.

In May of 1943, he applied for a pension by reason of his
disability. The statute in question under which he makes
his claim, so far as pertinent, is as follows: "A county em-
ployee who shall have received a permanent disability by
reason of injury, accident or sickness, incurred at any time
in the service, which *permanently incapacitates him,* shall,
upon the certificate of a physician designated for that pur-
pose by the pension commission, be retired on half pay."
*R. S.* 43:10–4. We have supplied the italics.

The Supreme Court in 133 *N. J. L.* 212, 213, in awarding
*certiorari* said: "The loss of an eye is a permanent disa-
bility, and, of course, permanently incapacitates prosecutor,
at least to some extent. There is a question as to whether
the intentment of the statute is to provide pensions for
county employees who are simply incapacitated to any or

some extent by reason of injury or for such as are incapacitated from performing reasonably the duties of the particular employment which they were hired to perform."

Upon the return, the court held that in this case the proofs showed that the loss of one eye had not incapacitated this watchman from reasonably performing his duties under the conditions of his employment.

The question before us is whether the judgment of the Supreme Court, as regards the facts, finds support in a substantial basis in the testimony. *American Cyanamid Co.* v. *Bortos,* 132 *N. J. L.* 327. As noted, the sole question before the Supreme Court was whether the appellant had received a disability which permanently incapacitated him. See *Simons* v. *Policemen's Pension Com.,* 111 *Id.* 134.

Dr. William H. Hahn, called as a witness in behalf of Meehan at the hearing before the Pension Commission, testified that he could perform his duties but probably not as well as if he had two eyes. The acting warden was also of the opinion that Meehan had the ability to perform his duties.

The test laid down in the statute is not whether an employee is presently eligible for original appointment or promotion. The sole question is whether the disability suffered permanently incapacitates him from reasonably performing the duties of his position.

The proofs clearly support the judgment of the Supreme Court. On the factual question, there is nothing for us to review.

The judgment of the Supreme Court is accordingly affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BO-DINE, DONGES, HEHER, PERSKIE, COLIE, WELLS, RAFFERTY, DILL, FREUND, MCGEEHAN, MCLEAN, JJ. 13.

*For reversal*—None.